AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means        ☐ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>*A gray 2019 Honda Odyssey with California license plate 8PPZ534 and VIN 5FNRL6H28KB079915* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | Case No. 8:24-MJ-166 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:        Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

        *See Attachment A-2*

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

        *See Attachment B*

        Such affidavit(s) or testimony are incorporated herein by reference.

        **YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

        ☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

        ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

        ☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:        <u>April 10, 2024 at 5:05PM</u>                    *Karen E. Scott*
                                                                        _____
                                                                        *Judge's signature*

City and state:        <u>Los Angeles, CA</u>                    <u>Hon. Karen E. Scott, U.S. Magistrate Judge</u>
                                                                        *Printed name and title*

AUSA:        <u>K. Afia Bondero (x2435)</u>

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>24-MJ-00166 | Date and time warrant executed:<br>4/11/2024 - 1015 | Copy of warrant and inventory left with:<br>Left in vehicle. |
| Inventory made in the presence of :<br>N/A | | |

Inventory of the property taken and name of any person(s) seized:

   1)  Six cloned credit cards.
   2)  Panasonic Automotive Systems Infotainment Module S/N 16108087

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:    4/11/2024

_Executing officer's signature_

Eric T. Brown, Special Agent

_Printed name and title_

**ATTACHMENT A-2**

PROPERTY TO BE SEARCHED

     A gray 2019 Honda Odyssey, bearing California license plate 8PPZ534 and vehicle identification number ("VIN") 5FNRL6H28KB079915 ("DOROBANTU'S VEHICLE"), including the vehicle infotainment system, currently in custody of Southside Towing, Orange, California.





**ATTACHMENT B**

## I.    ITEMS TO BE SEIZED

1.    The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. §§ 371 (Conspiracy), 1029 (Fraud and Related Activity in Connection with Access Devices), 1344 (Bank Fraud), and 1028A (Aggravated Identity Theft), namely:

a.    Records, documents, or materials relating to Access devices, access card skimming devices, and device-making equipment, including photos of debit or credit cards, gift cards, or any other cards bearing magnetic stripes; photos of equipment used for reading or making the same, such as skimming devices, card readers or magnetic stripe reading/encoding devices, embossers, tippers, card printers, or the accessories required to use the same; photos of electronic components for assembling and installing skimming devices; photos of soldering mats or soldering residue; notes or logs of PIN numbers or ZIP codes;

b.    Records, documents, or materials relating to cloned cards, including photos of blank white plastic cards or debit, credit or gift cards that contains altered information on the card's magnetic stripe;

c.    Records, documents, or materials relating to EBT cards, including, personal identification number (PIN), card holder's name, card holder's account number and card holder's expiration date;

iii

d.   Records, documents, or materials relating to ATM locations;

e.   Data, records, documents, or information (including electronic mail and messages) pertaining to obtaining, possessing, using, or transferring personal and/or financial transaction identification information for persons other than Andrei Alexandru DOROBANTU ("DOROBANTU"), such as names, addresses, phone numbers, credit and debit card numbers, security codes, bank account and other financial institution account numbers, Social Security numbers, email addresses, IP addresses, as well as PIN numbers and passwords for financial institutions or internet service providers;

f.   Records, documents, or materials relating to storage locations, including records indicating the location, ownership or control of any storage lockers, storage garages, trailers, residences, hotel rooms, rental premises, vaults, safe deposit boxes, or other locations where any digital devices, cash or monetary instruments, or access devices or device-making equipment may be stored, as well as any keys or access devices required to access the same;

g.   Records, documents, or materials of who used, owned, or controlled the SUBJECT DEVICES and DOROBANTU'S VEHICLE at the time the things described in this warrant occurred;

h.   Records, documents, programs, applications, or materials pertaining to applications for, or use of, credit or debit cards, bank accounts, or merchant processor accounts;

iv

i.    Data, records, documents (including e-mails), or information reflecting or referencing purchases of merchandise, securities, electronic currency, and other valuable things;

j.    Software, devices, or tools used to obtain, create, or use counterfeit or unauthorized checks, coupons, or access devices such as credit, debit, bank, and gift cards;

k.    Any documents or records relating to any bank accounts, credit card accounts, or other financial accounts;

l.    Records, documents, programs, applications, or materials relating to United States mail or mail matter;

m.    Contents of any calendar or date book stored on any of the digital devices;

n.    Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations;

o.    Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers;

p.    Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

q.    Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to

v

show SMS text, email communications or other text or written communications sent to or received from any of the digital devices and which relate to the above-named violations;

r.    Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations;

s.    Audio recordings, pictures, video recordings, or still captured images of United States mail or mail matter, whether opened or unopened, or relating to the possession or distribution of drugs or the collection or transfer of the proceeds of the above-described offenses; and

t.    Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof, including but not limited to the SUBJECT DEVICES.

u.    With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

i.    evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted;

ii.   evidence of the presence or absence of software that would allow others to control the device, such as

vi

viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. evidence of the attachment of other devices;

iv.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v.   evidence of the times the device was used;

vi.  applications, programs, software, documentation, manuals, passwords, keys, and other access devices that may be necessary to access the device or data stored on the device, to run software contained on the device, or to conduct a forensic examination of the device;

vii. records of or information about Internet Protocol addresses used by the device.

2.   As used herein, the terms "records," "information," "documents," "programs," "applications," and "materials" include records, information, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3.   As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart

vii

phones; digital cameras; gaming consoles (including Sony
PlayStations and Microsoft Xboxes); peripheral input/output
devices, such as keyboards, printers, scanners, plotters,
monitors, and drives intended for removable media; related
communications devices, such as modems, routers, cables, and
connections; storage media, such as hard disk drives, floppy
disks, memory cards, optical disks, and magnetic tapes used to
store digital data (excluding analog tapes such as VHS); and
security devices.

## II.   SEARCH PROCEDURE FOR DIGITAL DEVICES

4.   In searching digital devices or forensic copies
thereof, law enforcement personnel executing this search warrant
will employ the following procedure:

a.   Law enforcement personnel or other individuals
assisting law enforcement personnel (the "search team") will, in
their discretion, either search the digital device(s) on-site or
seize and transport the device(s) and/or forensic image(s)
thereof to an appropriate law enforcement laboratory or similar
facility to be searched at that location.  The search team shall
complete the search as soon as is practicable but not to exceed
120 days from the date of execution of the warrant.  The
government will not search the digital device(s) and/or forensic
image(s) thereof beyond this 120-day period without obtaining an
extension of time order from the Court.

b.   The search team will conduct the search only by
using search protocols specifically chosen to identify only the
specific items to be seized under this warrant.

i.    The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the scope of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of items to be seized.

ii.    The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii. The search team may use forensic examination and searching tools, such as "EnCase," "Griffeye," and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

c.    The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

d.    If the search determines that a digital device does not contain any data falling within the scope of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

e.    If the search determines that a digital device does contain data falling within the scope of items to be

ix

seized, the government may make and retain copies of such data,
and may access such data at any time.

f.    If the search determines that a digital device is
(1) itself an item to be seized and/or (2) contains data falling
within the scope of other items to be seized, the government may
retain the digital device and any forensic copies of the digital
device, but may not access data falling outside the scope of the
other items to be seized (after the time for searching the
device has expired) absent further court order.

g.    The government may also retain a digital device
if the government, prior to the end of the search period,
obtains an order from the Court authorizing retention of the
device (or while an application for such an order is pending),
including in circumstances where the government has not been
able to fully search a device because the device or files
contained therein is/are encrypted.

h.    After the completion of the search of the digital
devices, the government shall not access digital data falling
outside the scope of the items to be seized absent further order
of the Court.

5.    The review of the electronic data obtained pursuant to
this warrant may be conducted by any government personnel
assisting in the investigation, who may include, in addition to
law enforcement officers and agents, attorneys for the
government, attorney support staff, and technical experts.
Pursuant to this warrant, the investigating agency may deliver a
complete copy of the seized or copied electronic data to the

custody and control of attorneys for the government and their support staff for their independent review.

6.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.